**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 18a0416n.06

No. 17-6136

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Aug 16, 2018
DEBORAH S. HUNT, Clerk

ELIZABETH WILBURN,

      Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,

      Defendant-Appellee.

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF
TENNESSEE

BEFORE: BATCHELDER and CLAY, Circuit Judges; SARGUS, Chief District Judge.[*]

      **CLAY, Circuit Judge.** Plaintiff Elizabeth Wilburn sued the United States for negligence under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 *et seq.*, for injuries she sustained when elevator doors closed on her in a hospital operated by the United States Department of Veterans Affairs ("VA"). The district court dismissed the case for lack of jurisdiction, finding that the government's sovereign immunity had not been waived. For the reasons set forth below, we **AFFIRM** the district court's judgment.

**FACTUAL AND PROCEDURAL HISTORY**

      This personal injury action stems from an incident in June 2012, when Wilburn was injured by an elevator at the VA hospital in Nashville, Tennessee. The following factual account is drawn

---

[*] The Honorable Edmund A. Sargus, Jr., Chief United States District Judge for the Southern District of Ohio, sitting by designation.

from, among other sources, deposition testimony from Wilburn and others. Where a factual dispute exists, this account presents Wilburn's version of events.

At all times relevant to this case, Wilburn worked for Stericycle Specialty Waste Solutions, a business that removes biohazard waste from hospitals. As part of her job, Wilburn was assigned to remove waste from the VA hospital. In doing so, she would transport the waste in a three-shelf cart, which she would push around the hospital as needed. To travel between floors, Wilburn would use one of the hospital's two service elevators, referred to by the parties as S1 and S2. Although the elevator doors closed at a normal speed,[1] this barely left enough time for Wilburn to maneuver her large, heavy cart inside the elevator. Other employees had similar experiences.

On multiple occasions, Wilburn informed Leon Langguth, the hospital's Chief of Environmental Management Services, that the elevator doors closed too quickly, making her job dangerous. Langguth responded that there was "no money" to address the issue. (R. 50-3, Wilburn declaration, ¶ 11.) Langguth did not forward Wilburn's complaints to the companies responsible for servicing or inspecting the elevators, and the elevator door settings were never changed.

On June 29, 2012, Wilburn was pushing her cart into S1 when the elevator doors closed on her, knocking her to the floor. A few days later, she sought medical attention for a sore shoulder and a numb right arm. She did not return to work. She later applied for and received worker's compensation benefits.

After exhausting her administrative remedies, Wilburn sued the United States for negligence under the FTCA, 28 U.S.C. §§ 2671 *et seq.* The district court dismissed the action for

---

[1] Wilburn agrees that the door-closing speed satisfied all applicable safety code requirements. (*See, e.g.*, Plf.'s Br. at 11 (stating that the door-closing speed was "in accordance with the [applicable] codes under the VA contract with Otis [Elevator Company]").)

lack of jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. As relevant here, the district court explained that the government was immune from suit under the FTCA's discretionary function exception, 28 U.S.C. § 2680(a), which preserves the government's sovereign immunity for claims based on an official's decision to perform (or not perform) a discretionary act—in this case, Langguth's decision not to change the elevator-door speed.[2] Wilburn timely appealed.

## DISCUSSION

### Standard of Review

"[W]e review *de novo* the district court's dismissal of a claim for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1)." *Blakely v. United States*, 276 F.3d 853, 863 (6th Cir. 2002). If the district court considers factual disputes when deciding a Rule 12(b)(1) motion, it must be careful to ensure "fairness to the non-moving party." *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 327 (6th Cir. 1990). To that end, the district court should be guided by the summary judgment standard set forth in Rule 56. *Id.*

### Analysis

"It is elementary that the United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quotation

---

[2] The district court also ruled that, to the extent Wilburn attributed her injuries to negligence by the elevator servicer or elevator inspector, her claims were barred by the FTCA's independent contractor exception. *See Wilburn v. United States*, No. 15-cv-691, 2017 WL 3149583, at *7 (M.D. Tenn. July 25, 2017) (discussing the independent contractor exception). We do not address the independent contractor exception in this opinion because, in her brief on appeal, Wilburn expressly declined to accuse the elevator contractors of wrongdoing. (*See* Plf.'s Br. at 9 ("There is no evidence in the record which would support a finding that any risk of harm to the plaintiff would have been foreseeable to Otis Elevator [the servicer] or Bayline [the inspector] prior to the plaintiff's accident.").) Plaintiff's counsel confirmed this position during oral argument.

marks, citation, and alterations omitted). "[T]he language of any waiver of sovereign immunity is strictly construed in favor of the United States." *Reed v. Reno*, 146 F.3d 392, 398 (6th Cir. 1998).

Wilburn's suit arises under the FTCA, which waives the government's immunity over tort claims where "the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. §1346(b)(1). However, the FTCA contains exceptions to its general waiver of immunity. As relevant here, the discretionary function exception preserves the government's sovereign immunity for any claim "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a).

Under the Supreme Court's decision in *United States v. Gaubert*, the discretionary function exception applies if the following two requirements are met: (1) the challenged act involved "an element of judgment or choice"; and (2) the judgment or choice "is of the kind that the discretionary function exception was designed to shield." 499 U.S. 315, 322–23 (1991) (quotation marks and citations omitted). If both prongs of this test are satisfied, the acts or omissions of the government are exempt from liability, as its immunity has not been waived. "[T]he crucial first step" in applying *Gaubert* "is to determine what conduct is at issue." *Rosebush v. United States*, 119 F.3d 438, 441 (6th Cir. 1997). In this case, Wilburn challenges the VA's decision not to take any action on her complaints about the speed of the elevator doors.

Given the way this appeal has been briefed and presented, we are compelled to conclude that the VA's decision in this case satisfies both *Gaubert* requirements. *First*, a decision on elevator door speed involves an element of "judgment or choice." In her district court summary

judgment opposition, Wilburn conceded that the VA has discretionary authority to set and maintain elevator door speeds. Specifically, she admitted that "[t]he [elevator] maintenance program was created in the exercise of a discretionary function."[3] (R. 51, summary judgment opp., PageID# 1597.) Wilburn never argued that the VA's discretion was limited by any statute, regulation, or internal policy.

*Second*, this is a type of choice that the discretionary function exception was designed to protect. *See Rosebush*, 119 F.3d at 443 ("Decisions concerning the proper response to hazards are protected from tort liability by the discretionary function exception."). To the extent Wilburn complains about the VA's decision to delegate service and inspection authority to private elevator contractors, that decision was also protected by the discretionary function exception. *See Totten v. United States*, 806 F.2d 698, 701 (6th Cir. 1986) ("This court has explicitly held the discretionary function exception applicable to alleged negligence in the delegation of safety responsibilities to a government contractor."). Accordingly, the discretionary function exception applies.

Wilburn disputes this conclusion. She points out that Langguth typically forwards complaints to the elevator servicer as a matter course, without exercising any judgment. (Plf.'s Br. at 11.) Because Langguth does not actually weigh policy considerations, Wilburn concludes, the discretionary function exception should not apply.

Wilburn misses the mark. In *Rosebush*, this Court expressly rejected the proposition that *Gaubert* requires evidence of a reasoned policy decision. Indeed, under *Rosebush*, it does not matter whether the government engaged in any reasoning at all:

---

[3] As the district court noted, *see Wilburn*, 2017 WL 3149583, at *5 n.7, this would appear to be a concession that the discretionary function exception applies.

> [T]he requirement for a policy nexus is an objective not a subjective one. The proper inquiry is whether the challenged actions are susceptible to policy analysis, not whether they were the result of policy analysis.
>
> . . . [E]ven if there is *no* evidence that policy concerns were the basis of a challenged decision, the discretionary function exception applies if the decision is susceptible to policy analysis.

*Rosebush*, 119 F.3d at 444 (quotation marks and citations omitted). In other words, it is "irrelevant whether the [challenged action] was a matter of 'deliberate choice' or a mere oversight." *Angle v. United States*, 89 F.3d 832 (Table), 1996 WL 343531, at *1 (6th Cir. 1996) (quoting *Allen v. United States*, 816 F.2d 1417, 1422 n.5 (10th Cir. 1987)). We ask only whether the choice *could* have been reached through a reasoned decision-making process.

In this case, the decision not to change the elevator-door speed could have been reached in a deliberative fashion. For example, the VA could have decided that slowing the elevator doors would have resulted in inefficiencies. Or, as Langguth allegedly told Wilburn, the VA could have decided that changing the door speed was too expensive. Accordingly, the VA's choice was "susceptible to policy analysis" within the meaning of *Rosebush*. Sovereign immunity therefore applies, and the district court correctly dismissed the case for lack of jurisdiction.

We note, however, that today's decision does not imply that the VA acted properly. Indeed, if a jury were to accept Wilburn's version of events, she might well have a viable negligence claim. The district court clearly thought she would. *See Wilburn*, 2017 WL 3149583, at *6 n.9 ("The court is sympathetic to the fact that the plaintiff has put forward a strong negligence claim against the VA Hospital, given evidence that it was on notice for quite some time that the timing of the service elevator doors created a highly dangerous condition for its workers and had already resulted in incidents including workers being trapped inside the elevators, carts being damaged, and other injuries."). Unfortunately for Wilburn, it simply does not matter whether the VA was negligent.

This case turns on whether federal courts have jurisdiction to entertain her suit in the first place. Because of the discretionary function exception, they do not. Therefore, her case was properly dismissed.

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's judgment.